## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PEDRO DIAZ,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:24-cv-157** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **WARDEN JESSICA SAGE,** | : | |
| **Respondent** | : | |

### <u>MEMORANDUM</u>

Presently before the court is *pro se* Petitioner Pedro Diaz ("Diaz")'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that follow, the petition will be dismissed without prejudice and Diaz will be granted leave to file an amended petition.

### I.    BACKGROUND

Diaz is serving a 60-month term of imprisonment imposed by the United States District Court for the District of Connecticut for possession with intent to distribute fentanyl and distribution of fentanyl.  *See* (Doc. No. 1-1); *United States v. Diaz*, No. 3:21-CR-00181 (D. Conn. May 9, 2023).  He is currently incarcerated in Lewisburg United States Penitentiary ("USP-Lewisburg").  Diaz filed the petition for writ of habeas corpus that initiated this case on January 26, 2024.  (Doc. No. 1.)  Diaz challenges a disciplinary sanction imposed by the United States Bureau of Prisons ("BOP"), following a finding that Diaz committed the prohibited act of consuming marijuana during his incarceration.  (*See* Doc. No. 1-3.)

## II.     LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III.    DISCUSSION

Federal prisoners serving a sentence of imprisonment of more than one year have a constitutionally protected liberty interest in good conduct time.  *Denny v. Schultz*, 708 F.3d 140, 143 (3d Cir. 2013).  To protect this interest, a prisoner must be afforded due process protections when he is accused of misconduct that may result in the loss of good conduct time, including: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges against him; (3) an opportunity to call witnesses and present documentary evidence when it is consistent with institutional safety and correctional goals to do so; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action.  *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

When reviewing sufficiency of evidence in a prison disciplinary proceeding, the court must determine whether there is "any evidence in the record that could support the conclusion" reached by the hearing examiner. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).  If there is "some evidence" to support the decision, the court must reject any evidentiary challenges by the petitioner. *Id.* at 457.  This standard is minimal and does not require examination of the entire record, an independent analysis of the credibility of the witnesses, or even a weighing of the evidence. *Thompson v. Owens*, 899 F.2d 500, 501-02 (3d Cir. 1989).

The court will exercise its discretion to apply Rule 4 of the Rules governing Section 2254 habeas corpus petitions to this habeas corpus petition and dismiss the petition pursuant to Rule 4.  Diaz's petition challenges a disciplinary sanction imposed by the BOP, but he does not advance any arguments as how the disciplinary sanction or the underlying disciplinary proceedings violated his due process rights under the standards enumerated by *Wolff*, *Hill*, and their progeny. Although Diaz states in conclusory fashion that the hearing examiner presiding over his disciplinary hearing was not impartial, (*see* Doc. No. 1 at 3), he does not allege any facts in support of this assertion.  Absent any arguments as to how the disciplinary proceedings violated Diaz's due process rights, this court cannot grant, or even meaningfully consider, his request for habeas corpus relief.  The court will accordingly dismiss the petition without prejudice and grant Diaz leave to file an

amended petition that states what due process claims he is asserting to challenge his disciplinary sanction and provides factual support for those assertions.

## IV.    CONCLUSION

For the foregoing reasons, Diaz's petition for writ of habeas corpus will be dismissed without prejudice and Diaz will be granted leave to file an amended petition.  An appropriate Order follows.


s/ Sylvia H. Rambo
United States District Judge


Dated: February 6, 2024